WILL H. CUE, *Appellee*, v. THE CONNECTICUT FIRE IN-SURANCE COMPANY, *Appellant.*

No. 18,001.

#### SYLLABUS BY THE COURT.

INSURANCE—*Condition in Policy—Waiver by Solicitor.* Where an agent of an insurance company sends a solicitor to inspect a risk and take a written application for insurance, and upon the application issues a policy, the company is bound by knowledge of the solicitor of the fact that gasoline is being used on the premises, and will be presumed to have waived a condition in the policy forbidding such use.

Appeal from Cowley district court. Opinion filed March 8, 1913. Affirmed.

*C. T. Atkinson,* of Arkansas City, for the appellant.

*W. L. Cunningham, Albert Faulconer,* both of Arkansas City, *W. P. Hackney,* and *J. T. Lafferty,* both of Winfield, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Action on a fire insurance policy. Plaintiff recovered and the defendant appeals.

A solicitor in the employ of the local agents of the insurance company took the written application for

the policy, and the appellee's evidence tended to show that the solicitor inspected the property and had knowledge of the fact that gasoline was used on the premises, and that the building had no chimney or flue for a stove; further, that the solicitor told the assured that it would be all right to use gasoline. The agents issued the policy, after approving the application. The appellant contends that under these circumstances a mere solicitor, who is not directly in the employ of the insurance company, can not by parol waive a written condition of the policy. That the agent himself may do so is well settled. (*Insurance Co. v. Gray*, 43 Kan. 497, 23 Pac. 637; *Hulen v. Insurance Co.*, 80 Kan. 127, 102 Pac. 52.)

And the same principle applies to the situation here presented. Where an insurance company approves an application taken by one who is not at the time its agent or in its employ, and issues the policy, it will not be heard to deny the fact of his agency. It can not accept the benefits of the transaction and refuse to assume the burdens and liabilities thereof. So where an agent of an insurance company employs a solicitor to inspect risks and to take applications for insurance, and issues a policy upon a written application so obtained, the company is bound by the knowledge of the solicitor and his representative, made in securing the application, to the same extent as though the agent himself had made the inspection and taken the application. (*Insurance Co. v. Davis*, 59 Kan. 521, 53 Pac. 856; *Pfiester v. Insurance Co.*, 85 Kan. 97, and cases cited in the opinion.) In *Gurnett v. Ins. Co.*, 124 Iowa, 547, 100 N. W. 542, it was held that in the matter of imputing the agent's knowledge to the insurer no distinction should be made between a recording and a soliciting agent. In the opinion in that case it was said:

"The law is charitable enough to assume, in the absence of any showing to the contrary, that an in-

surance company intends to execute a valid contract in return for the premium received; and when the policy contains a condition which renders it void at its inception, and this result is known to the insurer, it will be presumed to have intended to waive the condition, and to execute a binding contract, rather than to have deceived the insured into thinking his property is insured when it is not, and to have taken his money without consideration." (p. 549.)

Other cases in point are; *Brewing Co. v. Insurance Co.*, 95 Iowa, 31, 63 N. W. 565; *Salzman v. Insurance Co.*, 142 Iowa, 99, 120 N. W. 697; *Continental Ins. Co. v. Ruckman,* 127 Ill. 364, 20 N. E. 77, 11 Am. St. Rep. 121.

Upon the question of whether the policy was canceled previous to the loss there was a conflict in the testimony, which the jury decided adversely to the appellant.

The judgment is affirmed.