No. 20,674.

B. W. PETTIJOHN, *Appellee,* v. THE SAINT PAUL FIRE & MARINE INSURANCE COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. INSURANCE POLICY—*Provision Against Additional Insurance Without Consent of Insurer Valid.* A provision in a fire insurance policy that the taking of other insurance without the consent of the secretary and general agent of the insurer shall avoid the entire policy is binding on the parties, and the taking of additional insurance without such consent defeats a recovery under the policy, unless the condition has been waived or abrogated by an authorized officer or agent of the company.

2. SAME—*Soliciting Agent—No Authority to Waive Condition in Policy.* A local soliciting agent without authority to write or issue policies,

but who merely procures applications, collects premiums and some-
times delivers policies when payments are made, is not a general agent
of the insurer, and his knowledge that other insurance had been sub-
sequently taken is not chargeable to the insurer; nor did the insurer
herein in any way waive or abrogate the condition which was violated
by the insured.

Appeal from Norton district court; WILLIAM S. LANGMADE,
judge. Opinion filed May 12, 1917. Reversed.

*C. A. Matson, E. L. Foulke, J. D. Wall,* all of Wichita, and
*Robert W. Hemphill,* of Norton, for the appellant.

*L. H. Wilder,* of Norton, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In an action brought by B. W. Pettijohn
against the Saint Paul Fire & Marine Insurance Company
upon a policy of fire insurance upon plaintiff's farm property,
the latter recovered judgment and the defendant appeals. The
trial was by the court alone, a jury having been waived.

Defendant refused to pay the loss on the ground that plain-
tiff had violated a provision of the policy that it should be
"void at the election of the company, if without the consent of
the secretary or general agent of the company endorsed
hereon, any other insurance is now or shall hereafter be taken
out on any of the property above described." Another pro-
vision stated in the policy was: "This policy is granted upon
and with reference to the above conditions, limitations and re-
quirements; and no local or soliciting agent of this company
shall have power to change, modify or waive any of the same."
Van Arsdale & Osborne were the general agents of the com-
pany at Wichita, and William Weikert was the representative
of defendant at Norton through whom plaintiff had procured
his policy. On January 24, 1910, the policy was issued; and
the fire causing a total loss occurred December 3, 1914. In
August, 1911, plaintiff took out a policy on the same property
in the Springfield Fire & Marine Insurance Company, provid-
ing $1000 additional insurance, and after the fire the full
amount of that policy was paid. Plaintiff testified that before
he secured the Springfield policy Weikert had told plaintiff he
could carry more insurance on his property and asked him for
the business; that plaintiff informed him that he desired the

additional insurance to be in some other company, and after the Springfield policy was obtained he informed Weikert of the fact and the latter expressed regret in not getting the additional business. Weikert testified to the contrary, stating that he first heard of the Springfield policy after the fire while making his investigations to adjust the loss. The policy issued by defendant covered losses by storms as well as from fires. At the trial a proof of loss under that part of the policy, dated April 24, 1913, was introduced wherein it was recited that there was no other insurance on the property. It appears that Weikert had been the agent of defendant at Norton for twelve or thirteen years, that he took applications for insurance and adjusted losses on farm property, and he had authority to issue certain kinds of policies on city property. His territory extended from Salina to the Colorado line. Estimates as to the value of the property destroyed varied. In his application for the policy in controversy plaintiff placed the value at $1800; in his application to the Springfield company he valued it at $3000, and he testified that the property cost him from $2500 to $3000. Other witnesses made estimates varying from $1165 to $2285. After the refusal to pay the loss the defendant tendered to plaintiff the amount with interest which he had paid in premiums, and this plaintiff refused.

It is contended that the taking out of additional insurance without the consent of the company and in violation of the conditions of the policy defeats a recovery. As overinsurance might lead to carelessness or fraud such limitations in contracts of insurance are not unreasonable nor invalid. It has been held that provisions of the character in question are enforceable where they have not been waived or otherwise abrogated. (*Assurance Co. v. Norwood,* 57 Kan. 610, 47 Pac. 529.) The questions then arise: Has consent been given, or has the limitation in the policy been waived or abrogated by the company? It is conceded that consent for other insurance was not endorsed on the policy, but stipulations of this character may be waived or changed, even by parol, if done by authorized agents. (*Insurance Co. v. Munger,* 49 Kan. 178, 30 Pac. 120.) The plaintiff relied on the knowledge and action of the agent Weikert, and it is insisted that he should be treated as a gen-

eral agent, and that waiver by him is in effect a waiver by the company. There is testimony to the effect that Weikert was a soliciting agent, taking applications for insurance on farm property, forwarding them to the company which issued the policies, and that he collected the premiums and generally delivered the policies to the insured. He was recording agent for the insurance of city property, and for a number of years had acted for the company in adjusting losses in a large district which extended from Salina to the Colorado line, almost one-third of the state, but the losses adjusted were largely losses from hail. It appears from plaintiff's testimony that he talked with Weikert about taking additional insurance about the time that the policy in question was issued, and Weikert then told plaintiff that more insurance could be carried on the property, and he suggested to plaintiff that he would like to have the business. Plaintiff told him that he would feel safer to have the insurance in two companies. About ten days after taking out the additional insurance plaintiff told Weikert that it had been issued, and the latter's only response was that he was sorry to lose the business. The additional insurance was taken out more than three years before the fire occurred. In his testimony Weikert stated that he did not remember such conversations and that he really did not know about the additional insurance until after the fire occurred. As the findings and verdict were in favor of plaintiff, the plaintiff's version of the matters in dispute must be accepted as true.

There still remains the question whether Weikert can be regarded as a general agent of the company, with authority to accept notices, make agreements, and waive provisions in the contract of insurance. The insurance, as we have seen, was upon farm property, and the policies were not written or issued by Weikert. As to that class of property he was merely a soliciting agent. He had wider authority as to city property, upon which he wrote and issued policies. He did adjust losses on farm property and had done so for a period of about four years prior to the fire. In the policy it was stipulated that a local or soliciting agent could not change, modify or waive any of the conditions or limitations of the contract, and the court is of the opinion that neither the knowledge nor action of Weikert operated as a waiver of the limitation against the

taking of additional insurance. The stipulation as to additional insurance was an essential condition of the contract which had been accepted by the insured, and he could not reject or defeat it by a notice to or the knowledge of one who was without authority to issue policies or to cancel and make contracts. (*Insurance Co. v. Gibbons,* 43 Kan. 15, 22 Pac. 1010; *Assurance Co. v. Norwood,* 57 Kan. 610, 47 Pac. 529; *Assurance Co. v. Building Association,* 183 U. S. 308; 3 Cooley's Briefs on Law of Insurance, p. 2484.)

It has been held that a company may be bound by the knowledge and acts of a local soliciting agent as to past or present conditions (*Insurance Co. v. Weeks,* 45 Kan. 751, 26 Pac. 410; *Cue v. Insurance Co.,* 89 Kan. 90, 130 Pac. 664), but such local agent is without power to waive future conditions, and the company can not be estopped by the knowledge of the agent that the assured intended thereafter to take other insurance. The conclusion of the court is that the restriction on additional insurance without the consent of the insurer was a material part of the contract, and granting that Weikert, the agent, had knowledge that added insurance had been taken out, his knowledge did not bind the company. It does not appear that the notice given to him was communicated to the officers of the company, and the mere fact that after the fire the adjuster conferred with him as to the value of the building destroyed, or the amount necessary to restore it, did not waive the violated condition. In view of the decision reached, the other questions presented are not material.

The judgment is reversed, and the cause remanded, with directions to enter judgment in favor of the defendant.

JOHNSTON, C. J. (dissenting) : In my opinion, the notice to Weikert should be regarded as a notice to the company. He was more than a local soliciting agent of the company. In addition to soliciting insurance, he collected premiums, delivered policies, and was entrusted with broad powers in the adjustment of losses. Forfeitures are repugnant to a sense of justice, and courts should resort to any reasonable rule of interpretation that will avoid them. In view of the powers vested in and exercised by Weikert, and the fact that he sought to place additional insurance on the property, and had knowledge

of it for more than three years before the fire occurred, the condition should be deemed to be waived and the company estopped to insist on a forfeiture. (*Insurance Co. v. Gray*, 43 Kan. 497, 23 Pac. 637; *Hulen v. Insurance Co.*, 80 Kan. 127, 102 Pac. 52; *Cue v. Insurance Co.*, 89 Kan. 90, 130 Pac. 664.)

After learning of the fire, Weikert sent for plaintiff to meet the adjuster of the company and fix up the loss. The meeting occurred, and the company obtained information from plaintiff respecting the property destroyed, the extent and value of his loss, and they conferred together as to the cost of rebuilding the house. This action by the company is of itself sufficient to constitute a waiver of the forfeiture. (*Assurance Co. v. Bradford*, 60 Kan. 82, 55 Pac. 335; *Despain v. Insurance Co.*, 81 Kan. 722, 106 Pac. 1027.)

WEST, J., joins in this dissent: