No. 22,827.

SAMUEL HENNING, *Appellee,* v. THE AMERICAN INSURANCE COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

INSURANCE—*Authority of Local Agent to Waive Conditions of Policy— Evidence.* A finding that a local agent of an insurance company was a general agent having authority to waive a provision against incumbrances is not sustained by evidence that the policy was by its terms required to be countersigned by him before becoming effective, and was so countersigned; that he collected and remitted premiums, received and transmitted to the company information as to the loss, and helped to take proof thereof; and that he stated to the insured at the time the application for insurance was made that he was the general agent.

Appeal from Bourbon district court; EDWARD C. GATES, judge. Opinion filed January 8, 1921. Reversed.

*John L. Connolly,* and *Harry Warren,* both of Fort Scott, for the appellant.

*J. I. Sheppard,* and *James G. Sheppard,* both of Fort Scott, for the appellee.

The opinion of the court was delivered by

MASON, J.: Samuel Henning recovered a judgment against the American Insurance Company upon a fire insurance policy and the defendant appeals.

The policy covered both chattels and realty and contained provisions that if any of the property should be mortgaged or encumbered without the consent of the western manager of the company being indorsed thereon the entire policy should be null and void, and that no agent of the company except the western manager, in writing, should have power to waive or alter any of the terms of the contract. The plaintiff concedes that a mortgage for $500 was placed on the real property after the policy had been issued, but contends that a waiver of the consequent forfeiture resulted from the fact that one of the firm comprising the defendant's agency at Fort Scott through which the insurance had been obtained knew of the making of the mortgage and not only made no objection but affirmatively countenanced the act. The case turns upon whether a finding was warranted that such agent was authorized to waive the condition regarding encumbrance; and this in turn depends upon whether there was any evidence that he was a general agent.

A written certificate issued by the company in 1907 appointing the partners referred to as its agents gave them authority only "to receive and transmit to the company applications for insurance . . . together with the notes or cash given for premiums, and for no other purpose whatever, subject to the rules and regulations of said company, and such instructions as may be given from time to time by its officers." A member of the firm testified that it did not have blank forms of policies in its office; that it had no authority to issue policies and did not do so; that applications were made through it to

the company, which issued the policies, sending them to the agents to be countersigned and delivered. On cross-examination he said he was unable to answer the question whether the firm had any other written authority than that already referred to. The policy sued upon was by its terms required to be countersigned by the agents at Fort Scott before becoming effective, and was so countersigned. It was shown that these agents took the application, received the premiums, received notice of loss over the telephone, sent the notice to the company, and assisted in taking proofs of loss. The plaintiff testified that when he made the application for the insurance the member of the firm with whom he was dealing told him he was the general agent of the company.

We think the evidence was insufficient to sustain a finding that the members of the Fort Scott firm were general agents. It shows affirmatively that in practice they did not issue policies, but merely took and forwarded applications, countersigning and delivering the policies when received from the company. The act of countersigning is one of authentication. (2 Words & Phrases, 1651; 1 Words & Phrases, 2d Series, 1090.) The receiving and transmitting information regarding the loss and assisting in taking proof thereof had no tendency to indicate a general agency. (*Pettijohn v. Insurance Co.*, 100 Kan. 482, 164 Pac. 1096.) The statement of one of the partners that he was the general agent is not evidence of the fact as against the company, and would be of doubtful probative force in any event unless the connection in which it was made were shown.

The judgment is reversed and the cause remanded with directions to deduct therefrom the amount allowed on account of the damage to the real estate.