No. 30,538.

BLANCHE KIMMI et al., *Appellees*, v. THE BROWN COUNTY FARMERS MUTUAL FIRE INSURANCE COMPANY, *Appellant*.

(11 P. 2d 706.)

Opinion filed June 4, 1932.

*Walker F. Means, Lloyd S. Miller*, both of Hiawatha, *Stephen H. Allen, Otis S. Allen* and *George S. Allen,* all of Topeka, for the appellant.

*William H. Strahan*, of Troy, *Arthur S. Brewster, Bennett R. Wheeler, S. M. Brewster, John L. Hunt, Virgil V. Scholes* and *Margaret McGurnaghan,* all of Topeka, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a fire insurance policy. Plaintiffs prevailed, and defendant appeals.

Henry Laverentz owned land in section 30. The former owner held fire insurance policies issued by defendant, covering the dwelling house. After Henry Laverentz became owner the policies were renewed. One policy was for $2,000 and one was for $2,500. Henry

Laverentz died. His heirs were Blanche Kimmi, Mabel Laverentz, and Henry Laverentz, Jr., a minor. Blanche Kimmi was administratrix of the estate, and was guardian of Henry Laverentz, Jr.

In 1925 the $2,000 policy was renewed in the name of the Henry Laverentz estate, Blanche Kimmi, Administratrix. In June, 1927, the company placed on this policy an indorsement that it was transferred to Blanche Kimmi, Mabel Laverentz, and Blanche Kimmi, guardian of Henry Laverentz, Jr., and the policy was indexed in defendant's records accordingly. The term of this policy was five years, and it was in force when the fire occurred on January 30, 1930. The dwelling house, which was of the value of $8,000, was totally destroyed, and the $2,000 policy was paid.

The insurance for $2,500 was renewed on August 18, 1925, for three years, and on August 18, 1928, was again renewed for three years. In each instance the new policy was in the name of Blanche Kimmi, administratrix. The action was on the renewal policy issued August 18, 1928.

Defendant is a mutual fire insurance company. Its by-laws provide that no policy shall be issued except on written application of the applicant, and defendant contends there was no liability on the policy because the application was signed by Blanche Kimmi, administratrix.

Defendant's agent was responsible for the form of the application. When in 1928 the policy issued in 1925 was about to expire, the agent requested Blanche Kimmi to renew the insurance. The agent copied data in an old application on a new application blank. The agent asked Blanche Kimmi no questions, and she signed as he directed, Blanche Kimmi, administratrix. As indicated, at that time defendant's records disclosed the state of the title. The application did not call for a statement of ownership, but Blanche Kimmi told the agent who the heirs were. The result is, there was an application, the application was in writing, and the application was signed by an applicant who was one of the heirs and who was guardian for another. She was in fact acting for all three. The jury returned the following special finding of fact:

"1. Did the plaintiffs, Mabel Laverentz and Henry Laverentz, Jr., or either of them, ever make written application for the policy of insurance sued on herein, as required by article IV of the by-laws of the defendant? Answer: Yes. Through Blanche Kimmi, administratrix."

Under these circumstances the court is of the opinion the by-laws

of the company were substantially complied with. It would be entirely too technical to hold the policy was void for want of an application.

The application contained an inquiry if there was other insurance on the property. The answer was in the negative, and defendant contends this was a false representation which avoided the policy. As indicated, Blanche Kimmi was not asked if there was other insurance. The agent wrote the answer to the inquiry, and directed her to sign the application. The company knew it had another policy on the same dwelling house for $2,000, and under the circumstances there was no wrongful concealment of a material fact affecting the risk.

Besides owning the land in section 30 on which the insured dwelling house stood, Henry Laverentz in his lifetime owned land in section 22, on which there was a small dwelling house. This house was insured by the Ætna company for $2,500. Through defendant's agent, who also represented the Bankers Life Insurance Company of Nebraska, Blanche Kimmi procured a mortgage loan on the land in section 22 from the Nebraska company. The mortgagee asked for the insurance policy on the house. Blanche Kimmi looked through her papers, found a policy, and sent it to the agent. He told her the description in the policy was wrong, and she told him to correct it. The policy was in fact the $2,500 policy covering the dwelling house on section 30. The agent struck out the land description in the policy, inserted the description of the land in section 22, and sent the policy to the mortgagee. When the dwelling house on section 30 burned, Blanche Kimmi could find but one insurance policy on the house—the $2,000 policy which has been referred to. She made proof of loss, and as indicated, the policy was paid. Then Blanche Kimmi found the Ætna policy, covering the house on section 22. She sent it to the mortgagee, and the mortgagee returned to her the policy which the agent had mutilated. He blamed the woman. Defendant contends the mistake in changing the description was not a mutual mistake, and at the time of the fire the policy was a valid and subsisting policy covering the house on section 22. This contention recognizes the authority of the agent in the matter, and while Blanche Kimmi sent the policy to him, he made the blunder of telling her the description was wrong.

As indicated, proof of loss caused by the fire was made, but was

not made with specific reference to the $2,500 policy. When the $2,500 policy was returned to Blanche Kimmi it was too late to make proof of loss, and defendant denies liability on the ground no proof of loss was made as the policy required.

When Blanche Kimmi regained possession of the policy, and undertook to procure payment of it, defendant denied liability and refused to pay on the sole ground the policy had become effective with respect to the house on section 22. Failure to make proof of loss was not mentioned in the negotiations for settlement. At that time the mistake made in sending the policy to the mortgagee of section 22 had been corrected, the Ætna policy had been sent to the mortgagee and had been accepted, and the altered policy had been returned to Blanche Kimmi. Defendant's liability on that policy was the same as if it had not gone to Nebraska and back, and denial of liability on one ground waived other grounds which the company had power to waive. It had power to waive timely proof of loss.

Other contentions of defendant are without merit, and the judgment of the district court is affirmed.