No. 30,706.

J. M. BURNS, *Appellee*, v. THE PROVIDENCE-WASHINGTON INSURANCE COMPANY, *Appellant*.

(12 P. 2d 811.)

Opinion filed July 9, 1932.

*H. O. Trinkle*, of Garden City, for the appellant.

*Edgar Foster* and *Horace J. Foster*, both of Garden City, for the appellee.

The opinion of the court was delivered by

SLOAN, J.: This was an action to recover on a hail insurance policy. The plaintiff prevailed, and the defendant appeals.

The plaintiff was the owner of a quarter section of land in Stanton

county which was farmed to wheat by his tenant. He had an undivided one-fourth interest in the wheat which he desired to insure, and, on June 14, 1928, applied to the local agent of the defendant for insurance against loss or damage by hail. On that day there had been a heavy rain in that vicinity and hail in some localities. The plaintiff did not know whether hail had damaged his wheat or not and so advised the local agent. The application for the insurance was signed in blank with the understanding that the local agent would go and examine the crop and determine whether it had been hailed, and if not would complete the application. The agent examined the wheat and concluded that it had not been damaged by hail. He thereupon completed the application and mailed it to the company with the premium, amounting to $115.20. In due time the plaintiff received the insurance policy, but was not otherwise informed of the result of the inspection made by the local agent. On June 19, 1928, the crop was destroyed by hail. The plaintiff notified the local agent, who in turn notified the company, and an adjuster came to examine the crop. It was then discovered that the wheat had been damaged by hail on June 14; that plaintiff's tenant, who owned an undivided three-fourths interest in the crop, collected insurance from the Springfield Fire and Marine Insurance Company on the basis of a six per cent loss. The adjuster refused to make any adjustment of plaintiff's loss unless the plaintiff executed a nonwaiver agreement. The agreement was executed and adjustment made, but defendant denied liability. The case was tried by the court without the aid of a jury. The court found that proof of loss was prepared and forwarded by mail to the insured within sixty days after the loss occurred; that the agent of the company did not act upon the statement of the insured to the effect that there had been no prior loss, but refused to take the application until he had made a personal investigation, and upon such investigation issued the policy, and that the plaintiff had suffered a loss in the amount of $451.20. The court entered judgment for this amount, together with an attorney fee of $100, and costs.

The appellant contends that the court erred in rendering judgment for the reason that the local agent had no authority to examine the wheat and accept the application on such examination. The application for the insurance signed by the appellant contained the definite statement that the crop had not been damaged by hail

previous to the date of the application. It contained the further condition that the entire policy should be void if the insured had concealed or misrepresented any material fact. It provided that the company would not be bound by any act or statement made by the agent unless inserted in the application. It also provided that the insured would, within sixty days after the happening of the loss or damage, send to the company by registered mail at Minneapolis, Minn., proof of loss which should be signed and sworn to by the insured. There is no charge nor proof of any fraudulent intent or purpose on the part of the insured. The parties appear to have acted in good faith. When the insured signed the application he did not know the condition of the wheat and so advised the agent. The agent assumed the responsibility of examining the crop and upon such examination accepted the application and the premium. The agent was the agent of the company and not the agent of the insured, and while acting in the scope of his authority the appellant is charged with all the knowledge which the agent possessed. He was authorized to solicit applications for hail insurance. He knew, and so did the insured, that the company did not write such insurance on damaged crops. The agent might have relied upon the written application and held the appellee responsible for the statements contained therein, but he elected otherwise and investigated the condition of the wheat to determine the fact, and on this investigation accepted the application and the premium. The company is charged with the knowledge the agent acquired in the investigation, and it cannot now be heard to say that it relied on the statements contained in the written application and defeat liability.

"The company cannot defend on the ground that the policy was void at its inception if it had knowledge of the facts when it executed the contract and took the premium. On general principles, a knowledge which would be sufficient to lead any prudent person to inquire about the matter, when it could easily be ascertained, ought to be regarded as a knowledge of the fact. And where the agent had knowledge of the existence of facts which would render the contract void in its inception, if its provisions were insisted upon, it would be presumed that such provisions were waived, because the courts will not impute to the company the fraudulent intent to deliver and receive pay for an invalid policy. Upon this ground the agent's knowledge of the fact that the property is vacant, or that there is concurrent insurance, encumbrances, or his knowledge of facts relating to the ownership of the property, are regarded as knowledge of the company. See extended note on the effect of warranty, 16 L. R. A., n. s., 1213-1222." (*Stanley v. Indemnity Association,* 112 Kan. 412, 416, 210 Pac. 1096.)

See, also, *Cue v. Insurance Co.*, 89 Kan. 90, 130 Pac. 664; *Palin v. Insurance Co.*, 92 Kan. 401, 140 Pac. 886; *Nichols v. Casualty Co.*, 113 Kan. 484, 214 Pac. 1111.

The appellant further contends that notice was not sent to the company in accordance with the terms of the policy. The evidence of the witness is to the effect that to the best of his knowledge the proof of loss was mailed to the company. The company appeared and made the adjustment, and, from all of the circumstances in the case, we think the court was fully warranted in finding that the appellee complied with the terms of the policy in mailing the proof of loss.

The judgment is affirmed.