No. 31,060.

J. M. Bussell, *Appellee*, v. The Mennonite Mutual Fire Insur-
ance Company, *Appellant*, et al.

(21 P. 2d 308.)

Opinion
filed May 6, 1933.

*Ezra Branine, Alden E. Branine, Fred Ice,* all of Newton, *Frank M. Sheridan, Bernard L. Sheridan* and *L. Perry Bishop,* all of Paola, for the appellant.

*Ben F. Winchel,* of Osawatomie, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action on a fire insurance policy. A jury was waived. The trial court made findings of fact and rendered judgment for plaintiff. Defendant has appealed.

Plaintiff was the owner of a tract of about fifty acres of improved land in Neosho county. He carried a policy of fire insurance with the defendant on some of the improvements. The Investors Loan & Abstract Co. had a first loan upon the property for $2,000, and T. L. Youmans had a second mortgage for $1,000. On April 14, 1931, plaintiff made application to the defendant for a policy of insurance, against loss by fire, on a barn situated on the premises not covered by the other insurance policy. The application was made through C. H. Chambers, a resident of Neosho county, who was and for many years had been agent of the defendant company in that vicinity to accept applications for insurance, and defendant had for many years issued its policies of insurance to various parties based upon information furnished it by its agent, C. H. Chambers. The application for the insurance was in writing and when filled out by the agent and signed by defendant contained the following questions and answers:

"1. What title have you to the land described herein? A. Fee simple.

"2. How much encumbrance? To whom and when due? A. $2,000, Investors Loan & Abstract Co.

"3. Personal property, how much encumbrance? What covered? When due? A. None.

"4. Occupancy, owner or tenant? A. Owner.

"5. How many fires have you had? Give dates. A. No.

"6. What buildings are lighted with electricity. A. No.

"7. Has this risk ever been canceled or rejected?

"8. Has this company any other insurance on this location? If so, give policy numbers. A. House and barn No. 2, garage, policy 059958.

"9. How much other insurance on this property? What company? A. None. House over 100 feet.

"10. Do you want hail insurance? A. No.

. . . . . . . . . . . . .

"I warrant the foregoing application to contain a full and true statement as to the condition, situation, value, occupancy and title of the property to be insured; and I warrant the answer to each of the foregoing questions to be true; and it is expressly understood and agreed that the company will not be bound by any act or statement made to or by the agent restricting its rights or waiving its written or printed contract. I also agree to be bound by the conditions and requirements set forth in the policy and by-laws of this company."

The policy was issued and a mortgage clause was attached for the benefit of the Investors Loan & Abstract Co. as mortgagee. Sometime in the latter part of June, 1931, plaintiff remembered or in some way learned that the second mortgage to Youmans on the property was not mentioned in the application and he then went to C. H. Chambers and orally notified him that he had neglected or omitted to have mentioned in the application the existence of this second mortgage. Chambers said he would advise the defendant company of that fact. The barn was totally destroyed by fire on September 29, 1931, and at that time was of a value in excess of the amount of the insurance policy. Plaintiff immediately notified Chambers of the loss of the barn by fire. He communicated such information to the home office of the defendant, which furnished a blank proof of loss, which was duly made to defendant about October 19, 1931. Under these facts the court found defendant liable and rendered judgment accordingly.

Appellant contends that under the statute relating to mutual fire insurance companies (R. S. 1931 Supp. 40-1001 to 40-1028), the by-laws of the defendant company, the warranty in the application, and the decisions of this court relating to such matters, the answer with respect to encumbrances was incomplete and the policy void. (*Pettijohn v. Insurance Co.*, 100 Kan. 482, 164 Pac. 1096; *Eikelberger v. Insurance Co.*, 105 Kan. 675, 189 Pac. 139; *Henning v.*

*Insurance Co.,* 108 Kan. 194, 194 Pac. 647; *Akers v. Farmers Alliance Ins. Co.,* 118 Kan. 241, 234 Pac. 956; *Kennedy v. Farmers Alliance Ins. Co.,* 127 Kan. 768, 275 Pac. 214.)

We first observe that if there had been but one mortgage on this property the answer to the question concerning encumbrances was incomplete in that it did not state when the mortgage was due. Hence, the defendant issued a policy on an obviously incomplete answer to the question respecting encumbrances. We also note that the defendant carried another policy on other improvements situated on the same tract of land. Whether the application for that disclosed this mortgage to Youmans is not shown by the record, but whether it did or not defendant knew of both of these mortgages, certainly as early as the time it filed its answer in this case, yet it continued to carry its other policy up to the time this case was tried, at least. This tends to show that the defendant would have carried the policy in question had it been advised of both mortgages in the application. The argument that defendant might have declined to issue the policy had it known of the mortgage to Youmans has but little force.

The trial court found that C. H. Chambers was the agent of defendant for the purpose of taking applications and transmitting such applications and any information pertaining thereto to defendant, and that it was the duty of Chambers, on being informed by plaintiff of the existence of the Youmans mortgage, to advise his principal, the defendant, of that fact; that if he did not do so his default was one for which the defendant, rather than plaintiff, is responsible. Appellant complains of that finding and contends that Chambers was a soliciting agent only, and when he had once taken the application and forwarded it to his principal his duties with respect thereto had been performed. Under the evidence in this case the duties performed by Chambers for defendant were something more than a soliciting agent only. Plaintiff reported the loss to Chambers. He communicated that fact to defendant. Defendant received that information and acted upon it by sending a blank for the making of a proof of loss. Some of the evidence tends to show this was sent by defendant to Chambers and by him delivered to plaintiff, but it may have been sent directly to plaintiff. When proof of loss was made out it was delivered to Chambers and by him forwarded to defendant; so he was acting as more than a solicit-

ing agent for defendant. Even if he be regarded as a soliciting agent only it would be an undue restriction of his duties to hold that as such it was not his duty to communicate to his principal a correction of an application which he had taken. Even though his authority were limited to taking applications and forwarding them to the company he should take a correction of the application and forward that to the company. He was a resident agent, taking and forwarding applications from persons who reside in the vicinity of his home, and had been doing so for eighteen years. His duties with respect to the application were continuous. Perhaps there might be some difference with respect to the duties of a traveling soliciting agent who simply took an application, forwarded it to his principal, and then went to some other locality. We have no difficulty in approving the holding of the trial court that Chambers, in receiving the information from plaintiff of the existence of the second mortgage, received such information for and on behalf of defendant.

This is not a case in which plaintiff is seeking to hold defendant with knowledge of its soliciting agent with respect to matters which did not pertain to the application, such as a later mortgage, or the later foreclosure of a mortgage, or other insurance later taken out, or with respect to his knowledge of the loss, as in cases cited above and relied upon by appellant. Neither is it a case in which plaintiff seeks to waive, or claims that agent of defendant waived, any provision of the policy or of the by-laws. Plaintiff concedes these are as contended by defendant. Appellant relies strongly on *Kennedy v. Insurance Co.*, supra. There was a rather unusual situation presented because of the fraudulent conduct of the soliciting agent, known and acquiesced in by the insured. The specific question here involved was not presented or considered in that case. That it was not intended to be so rigid as appellant now contends is disclosed by later opinions of this court. (*Haney v. Farmers Alliance Ins. Co.*, 134 Kan. 5, 4 P. 2d 460; *Kimmi v. Brown County Farmers Mut. Fire Ins. Co.*, 135 Kan. 555, 11 P. 2d 706; *Burns v. Providence-Washington Ins. Co.*, 136 Kan. 152, 12 P. 2d 811; *Svetlicic v. Farmers Alliance Ins. Co.*, 136 Kan. 551, 16 P. 2d 956.)

After the fire of September 29, 1931, defendant exercised its rights under the mortgage clause and purchased the mortgage held by the Investors Loan & Abstract Co. at the time the policy was issued

and sought to be subrogated to the rights of the mortgagee. It alleged default in the payment of an interest coupon and sought to foreclose the mortgage. The trial court held the amount owed on the insurance policy should be applied on the mortgage debt and denied foreclosure. Appellant complains of that, but there is nothing wrong with it if plaintiff is entitled to recover on the insurance policy. The trial court allowed a fee for plaintiff's attorney, proper in an action on the policy. (R. S. 40-416.) Appellant contends it was improper here, because the issue between the parties below was whether plaintiff was entitled to have the insurance applied upon the mortgage. The point is not well taken, for the real controversy all the time was whether plaintiff should recover under the insurance policy.

We find no error in the record. The judgment of the court below is affirmed.