No. 29,789.

E. E. HANEY, Administrator of the Estate of Nataldo Precipio, Deceased, *Appellant,* v. THE FARMERS ALLIANCE INSURANCE COMPANY and THE CRAWFORD COUNTY STATE BANK, *Appellees.*

(4 P. 2d 460.)

Opinion filed November 7, 1931.

A. B. Keller, George R. Malcolm and C. A. Burnett, all of Pittsburg, for the appellant.

Stephen H. Allen, Otis S. Allen and George S. Allen, all of Topeka, for appellee the Farmers Alliance Insurance Company.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a fire insurance policy. A demurrer to plaintiff's evidence was sustained, and plaintiff appeals.

The Farmers Alliance Insurance Company issued a fire insurance policy to Nataldo Precipio, covering a dwelling house occupied as a homestead, and household goods. Precipio died intestate, leaving his widow as sole heir, and plaintiff was appointed administrator of his estate. Afterwards the insured property burned, and the administrator sued to recover on the policy. The administrator testified that none of the personal property came into his possession, and there is no dispute that all the insured property was exempt from payment of the decedent's debts when the fire occurred. One ground of the demurrer was that the administrator was not the real party in interest.

The policy contained the following provisions:

"THE FARMERS ALLIANCE INSURANCE COMPANY OF KANSAS,
McPHERSON, KANSAS.

"In consideration of the stipulations herein named and of twenty-one and no/100 dollars, premium, does insure Nataldo Precipio . . . against loss or damage by fire and lightning to the amount of fifteen hundred dollars; windstorm, cyclone and tornado to the amount of fifteen hundred dollars, on the following property as described in the application copied below and which forms part of this policy. And the said company does hereby promise to make good unto the said insured, his heirs and assigns, all such loss or damage. . . .

Wherever in this policy the word 'insured' occurs, it shall be held to include the legal representatives of the insured, . . ."

Plaintiff contends the definition of the word "insured" in the policy makes the policy payable to the administrator. Ordinarily the words "legal representatives" include executor and administrator. Another common meaning is, persons who stand in place of and who represent the interest of another. The result is, the meaning of the quoted words, when used in a written instrument, must be determined from the nature of the instrument, from the context, and from other aids to interpretation. (*Hunt v. Remsburg,* 83 Kan. 665, 667, 674, 112 Pac. 590.) In this instance the promise of the insurance company was to make good unto the insured, his heirs and assigns, loss and damage by fire. Expanding the promise to include the policy definition of "insured," it was to make good unto Nataldo Precipio, his administrator, his heirs, and his assigns, loss and damage by fire. Very plainly, the promise was to make good loss to those who suffered loss; that is, to the insured and those who should succeed him in interest. In this instance the administrator could suffer no loss, and he had no interest in the policy.

The subject of liability of the company on the policy is also submitted for determination. There was other subsequent insurance on the property, taken out without consent of the defendant company, contrary to a provision of the by-laws of the company. Plaintiff contends the by-laws did not become part of the contract.

The insurance company is a mutual fire insurance company, operating under the statute regulating organization of such companies and conduct of their business. One section of the statute contains a provision in force when the policy was issued and still in force, which reads:

"Every policy issued shall have attached thereto a printed copy of the note and application, also a printed copy of the by-laws and regulations of the company, which shall be signed by the president and secretary of the company and the insured, and shall become a part of the contract between the insurer and the insured." (R. S. 40-441.)

Mutual companies are authorized to adopt by-laws, and the defendant company had adopted by-laws. The quoted section of the statute contemplates a written application for insurance, and defendant company had a by-law requiring a written application for insurance. The instrument sued on consisted of three parts: the policy proper, a copy of the insured's application for insurance, and

the by-laws of the company. The policy proper provided the application should form a part of the policy. The application provided the insured should be bound by the by-laws. The signature of the applicant appeared to be appended to the application and to the copy of the by-laws. The signature to the application follows:

"Dated on the 12 day of Nov. 1925. Applicant, Nataldo Precipio. Signed in the presence of J. H. Cassin, Agent. Signature by J. H. Cassin."

The signature to the by-laws follows:

"I hereby accept the foregoing by-laws, rules and regulations as a part of my contract with the Farmers Alliance Insurance Company.

"Applicant, NATALDO PRECIPIO."

The insured's widow gave intelligent testimony. She said her husband could talk about as well as she could, that she was with her husband when he got insurance from Mr. Cassin, that her husband asked for insurance, and that he knew he was taking out insurance. The premium was paid, and the composite policy was delivered. There was testimony that Nataldo Precipio could not write his name, and it is contended he got a policy binding the company, but got it free from the obligations of the application and of the by-laws, because they were not signed.

The document called an application is part of the instrument proposed by plaintiff as the basis of liability of the insurance company. *Prima facie*, the signature at the end of the document is the signature of Nataldo Precipio, and the fact is not contradicted by mere proof that Precipio could not himself sign his name. The signature still appears to be his signature, in the presence of Cassin. Forgery, fraud, deceit, sharp practice, or other wrong doing, will not be presumed. Regularity in issuing the policy will be presumed until the contrary appears, and under all the circumstances which have been related regarding issuance of the policy, it was necessary, in order to defeat the signature, there should be some proof the signature was not attached at Precipio's request or by his direction. A writing of Precipio's name by Cassin at Precipio's request or direction was, of course, as effective as if Precipio wrote his own name.

The result of the foregoing is that, for purposes of this case, the application was duly signed. Concede, however, for the moment, that the application was unsigned. There was an application. The policy proper contained no description of the property. The description was: "The following property as described in the applica-

tion copied below and which forms part of this policy." The application contained a description of the property. Therefore the application must be resorted to to establish the fact that the burned property was insured by the defendant company. Whether the application was signed or was not signed by the applicant, it was an integral part of the policy. The plaintiff may not pick and choose. He must take the policy as he finds it, and there is no insurance for lack of subject of contract unless there was an application.

The application contained an agreement that the applicant would be bound by the by-laws of the insurance company, and the application was part of the policy proper. This being true, the by-laws became a part of the contract, whether signed by the applicant or not:

"There was concurrent insurance on the property when it was destroyed, and such insurance had been paid before the present suit was instituted. The trial court held that the by-laws did not become a part of the contract because they were not signed as the law provides, and computed the amount of recovery accordingly. The application for insurance was duly signed, and it contained an agreement to accept the policy to be issued, subject to the by-laws of the company. A copy of the application showing the signature thereto accompanied the policy. Under these circumstances neither the original policy holder nor his assignee could keep the policy and avoid the by-laws.

"The case of *Insurance Co. v. Bank of Blue Mound*, 48 Kan. 393, is cited in support of the trial court's action. The opinion rendered in that case is not entirely persuasive, but the soundness of the decision need not be determined, since it does appear that a signed application agreeing to be bound by the by-laws was taken and that a copy of such application was attached to the policy." (*Smith v. Insurance Co.*, 82 Kan. 697, 703, 109 Pac. 390.)

In this instance the name Nataldo Precipio was signed by somebody to the acceptance of the by-laws as a part of the insurance contract. Under the circumstances plaintiff may not enforce the contract without, in effect, adopting the signature to the by-laws. (*Kennedy v. Insurance Co.*, 96 Kan. 598, 152 Pac. 639.)

There is some quibbling over the matter of subsequent additional insurance, but the same household goods were in fact insured, and the insurance was collected by Precipio's widow. The terms of the insurance policy were breached by the insured, and return of premium was not necessary in order that the company might successfully defend.

The judgment of the district court is affirmed.