No. 31,320

WILL JACKSON, *Appellant,* v. THE REPUBLIC MUTUAL FIRE INSURANCE COMPANY, THE FARM MORTGAGE INVESTMENT COMPANY, and THE SECURITY BENEFIT ASSOCIATION, *Appellees.*

(27 P. 2d 296.)

Opinion filed December 9, 1933.

*Frank G. Spurney,* of Belleville, for the appellant.

*W. D. Vance* and *Fred Emery,* both of Belleville, for appellee Republic Mutual Fire Insurance Company.

The opinion of the court was delivered by

DAWSON, J.: This was an action on two policies of insurance issued by a mutual fire insurance company.

The defense was that plaintiff had rendered the policies nugatory by obtaining additional insurance without the written consent of defendant indorsed on them as provided by the by-laws which were incorporated in the insurance contracts.

Plaintiff's petition was in two counts, the first of which alleged that defendant had issued a policy, No. 54,054, for $1,000 on plaintiff's farm dwelling and $500 on his household goods. The second cause of action alleged the issuance of a policy, No. 56,434, for $500 additional fire insurance on the same dwelling house.

Copies of the policies, including the by-laws, were attached to the petition. It also contained the usual allegations of good pleading touching the destruction of the house and goods by fire, plaintiff's freedom from fault, proofs of loss, demand for payment and the like.

One provision of the by-laws read as follows:

"The entire policy unless otherwise provided by agreement indorsed thereon or added thereto by the secretary, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by the policy or if the hazard be increased by any means within the control or knowledge of the insured."

Included also in plaintiff's petition was the following paragraph:

"10. Plaintiff further alleges that this application for policy No. 56,434 was solicited for said defendant, The Republic Mutual Fire Insurance Company, a corporation, by one E. A. Cory, its agent, a member of the board of directors of said defendant, a member of its executive board and its duly qualified and acting treasurer; that when said policy was solicited as aforesaid, namely on July 23, 1932, plaintiff informed and advised said E. A. Cory, that he, said plaintiff, would procure additional insurance on said dwelling house No. 1 in the further sum of $1,000 and $500 additional on said household goods in another company; that said E. A. Cory as such agent and official of said defendant, The Republic Mutual Fire Insurance Company, a corporation, consented to such additional insurance, and fully knew that additional insurance would be procured by this plaintiff in another company; that additional insurance in the sum of $1,000 was placed on dwelling house No. 1 and the further sum of $500 on the household goods in another company five days later. That defendant, The Republic Mutual Fire Insurance Company, a corporation, has waived the right to a further notice of additional insurance, and has waived the right to forfeit the insurance in both of said policies sued on herein. That notice to said E. A. Cory as member of the board of directors, member of the executive board and treasurer of said The Republic Mutual Fire Insurance Company, a corporation, was sufficient notice to said defendant."

The petition concluded with a prayer for judgment for $1,500 on the first cause of action, for $500 on the second, and for costs and attorney's fee.

Defendant filed a demurrer to this petition, and while it was under consideration by the court plaintiff admitted that he had collected insurance from another company, The National Fire Insurance Company, and that such was the additional insurance referred to in paragraph 10 of plaintiff's petition set out above, and that such fact should be considered by the court as if formally pleaded therein.

Defendant's demurrer was sustained and judgment entered accordingly. Plaintiff appeals.

It is first contended that the provision of the by-law quoted above was waived because plaintiff gave notice to Cory of his intention to procure additional insurance, that Cory was not only defendant's soliciting agent, but also its treasurer and a member of its board of directors and a member of its executive committee. Plaintiff argues that Cory was related to defendant in so many capacities that notice to him should be construed as notice to it. Even so, notice of an intention to procure additional insurance would not strike down the provision of the by-laws that the policies sued on would be void if additional insurance were procured without agreement indorsed by defendant's secretary on the policies sued on. Nothing in the by-laws of the defendant authorized Cory, who solicited the insurance, to waive or abrogate that by-law. Neither was he authorized to do so by his office of treasurer, or as a member of the board of directors, or as a member of the executive committee. It is elementary law that a director of a corporation has no authority to obligate it by the mere fact that he is a director. The corporate authority is exercised by the board itself, not by individuals comprising its personnel. (*Buttrick v. Nashua, etc., R. R.*, 62 N. H. 413, 13 A. S. R. 578; 7 R. C. L. 439.) And the executive committee of a corporation are merely a selected few members of the directorate, sometimes including executive officers, authorized to act for the corporation when the board itself is not in session. It only has such power as the board of directors or the by-laws of the corporation provide. (14 C. J. 96, 97.) And nowhere in the by-laws, or by order of the board of directors, was the treasurer of the corporation authorized to waive the provision which rendered nugatory any policy of insurance issued by defendant if or when the policyholder should procure additional insurance without the written indorsement of the secretary giving defendant's assent thereto.

Appellant cites the case of *Pettijohn v. Insurance Co.*, 100 Kan.

482, 486, 164 Pac. 1096, in which it was stated that a provision in a fire insurance policy that the taking of other insurance without the consent of the secretary and general agent of the insurer would void the entire policy could be waived or abrogated by an authorized officer or agent of the company. That decision dealt with the liability of a commercial insurance company which is held to strict accountability. A mutual insurance company is the favorite of statutory law. (R. S. 40-421 *et seq.;* R. S. 1931 Supp. 40-1001 *et seq.; Rickel v. Republic Mutual Fire Ins. Co.,* 129 Kan. 332, syl. ¶ 2, 282 Pac. 757.) In *Kennedy v. Farmers Alliance Ins. Co.,* 127 Kan. 768, 275 Pac. 214, this distinction between commercial fire insurance companies and mutual companies, like this defendant, is discussed at length, and the philosophy underlying the statute which makes the distinction is expounded.

Appellant also cites *Insurance Co. v. Knutson,* 67 Kan. 71, 72 Pac. 526, where it was held that the company waived the provision which avoided the policy when additional insurance was procured after the secretary of the defendant company had received written notice thereof and took no steps to cancel the policy or to indorse the company's consent to the additional insurance. This court holds that the analogy between that case and the one of present concern is too remote to be helpful. The instant case is not distinguishable in principle from that of the Kennedy case, *supra,* where it was held:

"A by-law of such company provided that a policy should be void, unless otherwise provided by agreement indorsed thereon or added thereto by the secretary, if the interest of the insured be other than unconditional or sole ownership, or if the subject of insurance be personal property encumbered by a chattel mortgage. A policy of insurance was issued which had no such agreement indorsed thereon or added thereto, and the subject of the insurance was personal property then encumbered by a chattel mortgage and title notes. *Held,* that the policy was not valid." (Syl. ¶ 2.)

To the same effect were *Brenn v. Insurance Co.,* 103 Kan. 517, 175 Pac. 383; *Akers v. Farmers Alliance Ins. Co.,* 118 Kan. 241, 234 Pac. 956. (See, also, *Bodine v. Farmers Alliance Ins. Co.,* 136 Kan. 662, 17 P. 2d 934; and *Bussell v. Mennonite Mutual Fire Ins. Co.,* 137 Kan. 542, 21 P. 2d 308.)

It seems clear that the procurement of additional insurance without an agreement with defendant indorsed on plaintiff's policies by the secretary of the company avoided the policies, and the judgment of the district court was correct.

The judgment is affirmed.

HUTCHISON, J., not sitting.