No. 32,289

MINNIE B. LEERVOLD, *Appellee*, v. THE REPUBLIC MUTUAL FIRE IN-
SURANCE COMPANY, *Appellant* (THE EQUITABLE LIFE ASSURANCE
SOCIETY OF THE UNITED STATES, *Appellee*).

(45 P. 2d 839)

Opinion
filed June 8, 1935.

*W. D. Vance* and *Fred Emery,* both of Belleville, for the appellant.

*Leland Hazard,* of Kansas City, Mo., for the appellee; *R. M. Zehring,* of
Kansas City, Mo., of counsel.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover on a fire insurance
policy.

One Yohn mortgaged certain real estate and in connection therewith procured a policy of insurance for $1,300 covering a house on the mortgaged premises, from the Republic Mutual Fire Insurance Company, hereafter called the appellant. Later he made a larger mortgage to a different mortgagee and paid off the first mortgage. A new mortgage clause was attached to the policy and it was delivered to the mortgagee, which assigned the mortgage and delivered the insurance policy to the Equitable Life Assurance Society, hereafter called the mortgagee. Later Yohn sold the real estate to the plaintiff. She was unaware of the policy in appellant company and procured some additional insurance. The house burned. The appellant refused payment and this action followed.

It is not necessary to detail the pleadings. The policy in question provided that if the insured procured other insurance without the company's consent the policy became void. The mortgage clause attached, among other things, provided:

"On payment to such mortgagee (or trustee) of any sum for loss or damage hereunder, if this company shall claim that as to the mortgagor or owner, no liability existed, it shall, to the extent of such payment be subrogated to the mortgagee's (or trustee's) right of recovery and claim upon the collateral to the mortgage debt, but without impairing the mortgagee's (or trustee's) right to sue; or it may pay the mortgage debt and require an assignment thereof and of the mortgage."

Appellant in its answer alleged the procuring of additional insurance by the plaintiff voided the policy as to her, and admitted liability to the mortgagee under the mortgage clause and claimed subrogation *pro rata* thereunder. The case was tried by a jury, which found against plaintiff. Later the court received further evidence and from the record made certain findings of fact which are not in dispute. The journal entry of judgment recites:

"Now, therefore, on this 1st day of December, 1932, it is by the court ordered, adjudged and decreed that the plaintiff recover nothing herein, and that the defendants have judgment for the costs of this action against the plaintiff.

"It is further ordered, adjudged and decreed by the court that the defendant, the Republic Mutual Fire Insurance Company, shall, upon making payment to the defendant, the Equitable Life Assurance Society of the United States, of the sum of $1,300, be subrogated to that extent under the mortgage held by said last-named defendant upon the real estate described in the policy of insurance sued upon in this action, to wit: The north one-half (N ½) of section 11, in township 1 south, of range 8 west, in Jewell county, Kansas, in the manner and upon the terms and conditions specified in the mortgage clause attached to said policy of insurance and as set forth in the pleadings herein.

"It is further ordered and decreed that the court shall and does retain jurisdiction in this action for the sole and only purpose of settling and determining questions of dispute that may arise relating to the subrogation herein decreed, as between or among parties having an interest in or who are affected by such order of subrogation.

"For all of which, let execution issue."

No appeal was taken by the plaintiff.

It appears from the record that the appellant and the mortgagee were thereafter unable to agree as to the extent of the subrogation to which appellant was entitled; that is, whether the lien of the appellant was coördinate with that of the mortgagee or inferior to it, and on October 26, 1933, the mortgagee filed a cross petition for a decree to determine the question. On November 2, 1933, the appellant filed an answer claiming equal *pro ratâ* rights in the lien of the mortgage. On February 2, 1934, over objection of appellant, the plaintiff was permitted to file an answer in effect denying the right of appellant to subrogation. A hearing was had and resulted in a judgment in favor of the mortgagee and against the appellant for $1,300 and interest, and that plaintiff and the mortgagee were entitled to have the amount of the judgment, when paid, applied as a credit upon the note and mortgage, and denied to appellant any right of subrogation in and to the lien of the mortgage and any right, interest or lien upon the mortgaged real estate. The appellant's motion for a new trial was denied, and it brings the case here for review.

Although a number of errors are specified, they are presented as two questions:

*First:* Can an insured whose policy has been held void, and who has been denied recovery thereon, from which judgment no appeal is taken, later be entitled to credit on the mortgage for an amount which the insurance company must pay the mortgagee by reason of a mortgage clause attached to the insurance policy? And,

*Second:* Under such mortgage clause is the insurance company, to the extent of its payment, entitled to be subrogated to the mortgagee's right of recovery on a coördinate basis, or does such right of subrogation contemplate a recovery inferior to the mortgagee's right to recover in full the balance of the debt due it from the mortgagor after crediting the amount of insurance paid?

It may be observed that the answer to the second question is in the nature of a declaratory judgment, for no proceedings to foreclose the mortgage have been instituted.

The first question must be answered in the negative for two reasons: When the trial court, on December 1, 1932, rendered judgment that the plaintiff take nothing by her action, and that the appellant, upon paying the insurance moneys to the mortgagee, be subrogated to that extent under the mortgage in the manner specified in the mortgage clause, and retained jurisdiction for "the sole and only purpose of settling and determining questions of dispute that may arise relating to the subrogation," etc., it was a final order and a complete judgment, so far as plaintiff was concerned, that she was not entitled to anything, and that appellant was entitled to subrogation. The only question reserved was the rights between the appellant and the mortgagee, and in those rights plaintiff is not interested. If she were not satisfied with the judgment she should have appealed; that she did not do, and the trial court had no power after that term expired to do anything further with respect to her claims or to invoke any other order the effect of which would be to permit a recovery on her part. But had she appealed the same result as to her would have been reached. On December 1, 1932, the trial court properly held in effect in accordance with the jury's answers to special questions that the by-laws of the insurance company provided the taking out of additional insurance without the company's consent would render the policy void, and that such additional insurance having been taken by plaintiff without such consent, the policy was void as to the insured. (See *Pettijohn v. Insurance Co.*, 100 Kan. 482, 164 Pac. 1096; *Metropolitan Life Ins. Co. v. Mennonite Mutual Fire Ins. Co.*, 131 Kan. 628, 293 Pac. 402.)

To answer the second question requires consideration of the doctrine of subrogation as applied to the facts. In treating of the general subject, it is said in 8 Couch on Insurance, § 1996, p. 6589:

"It also is of interest that for the purpose of defining the word 'subrogation' two kinds are recognized, namely, 'legal' and 'conventional.' These terms have been defined as follows: 'Legal subrogation is allowed only in cases where the person advancing money to pay the debt of the third person stands in the situation of a surety, or is compelled to pay the debt to protect his own rights. Conventional subrogation results from an agreement, made either with the debtor or the creditor, that the person shall be substituted.' In other words, 'legal subrogation' arises by operation of law as the result of equities, whereas 'conventional subrogation' depends upon a lawful contract calling for subrogation."

In this state, in accord with the weight of authority, it has been held that the provisions of a mortgage clause attached to a fire in-

surance policy constitute a contract between the insurance company and the mortgagee. (*Stamey v. Assurance Co.*, 93 Kan. 707, 150 Pac. 227; *Motor Co. v. Indemnity Co.*, 116 Kan. 109, 115, 225 Pac. 1056.)

Here we have a mortgage clause providing for subrogation, hence the matter for consideration comes under conventional rather than legal subrogation and is to be treated as a matter of contract rather than of equity. To determine whether the right of subrogation was intended to confer on the company a *pro rata* right of recovery fully equal to that of the mortgagee, or a *pro rata* right of recovery inferior and subordinate to the right of the mortgagee to be paid in full is therefore to be determined from the mortgage clause. The precise question has not heretofore received consideration in this court, and little authority from other states is cited in the briefs or disclosed by our own search.

It has been held that the general rule for the interpretation of an insurance contract is that if the terms thereof are open to more than one construction that one which is more favorable to the insured must prevail (*Tripp v. United States Fire Ins. Co.*, 141 Kan. 897, 44 P. 2d 236, and cases cited), although that rule does not ordinarily apply to mutual insurance companies (*Rickel v. Republic Mutual Fire·Ins. Co.*, 129 Kan. 332, 282 Pac. 757). The theory on which the qualification is based is that in a mutual company the person taking insurance must become a member of the company, and in a sense is both insured and insurer. (*Kennedy v. Farmers Alliance Ins. Co.*, 127 Kan. 768, 275 Pac. 214.) Whether the qualification should be applied in construction of a mortgage clause issued for the benefit of one who does not become a member of the company presents a situation where the reason for the qualification no longer exists, and it would appear the general rule should apply as between the company and the mortgagee.

It is of interest to note that mortgage clauses of various kinds have been used. Some provide simply for payment of the loss to the mortgagee without provision for subrogation. In such a situation this court held that where the insured had no right to enforce payment because of contract provisions, and the company was liable to and had paid under a mortgage clause to the mortgagee, it was entitled to the rights of the mortgagee under the mortgage. (*Bank v. Insurance Co.*, 104 Kan. 278, 178 Pac. 413.) Another form provides that no subrogation shall impair the right of the mortgagee

to recover the full amount of its claim. (*Metropolitan Life Ins. Co. v. Mennonite Mutual Fire Ins. Co.*, supra.) A third form provides that the subrogation shall be in subordination to the claim of the mortgagee for the balance of the debt. (*Loan Association v. Insurance Co.*, 74 Kan. 272, 86 Pac. 142.)

The present mortgage clause provides that the company shall—

"To the extent of such payment be subrogated to the mortgagee's (or trustee's) right of recovery and claim upon the collateral to the mortgage debt, but without impairing the mortgagee's (or trustee's) right to sue; or it may pay the mortgage debt and require an assignment thereof and of the mortgage."

Substantially identical provisions were included in the mortgage clauses under consideration in the following cases: *Wagner v. Peters*, 142 Va. 412, 128 S. E. 445; *Imperial Assur. Co. v. Livingston*, 49 F. 2d 745; *British American Assur. Co. v. Mid-Continent Life Ins. Co.* (Tex.), 37 S. W. 2d 742, and *National Ben Franklin Fire Ins. Co. v. The Praetorians* (Tex.), 67 S. W. 2d 333. In the first two cases mentioned the question of priority as between the mortgagee and the insurer was not in issue. In the Mid-Continent Life Insurance Company case, suit was brought by it to recover on policies in two different companies, and in the trial court it was allowed recovery on both policies. The court of civil appeals (21 S. W. 2d 1106) reversed as to one company, but affirmed as to the present appellant. The commission of appeals considered, not the question of priorities, but of liability on the policy and whether or not the insurance company was entitled to be subrogated. In the opinion judgment was ordered in favor of the mortgagee against the insurance company, which was given a lien for the amount of judgment against it, and foreclosure was ordered, subject to the mortgagee's lien. The effect was to allow subrogation *pro rata* but to subordinate the right of recovery of the insurance company to that of the mortgagee. In the Praetorian case the insurance company had paid the mortgagee on loss a sum less than the debt due it. After foreclosure by the mortgagee and purchase of the real estate for a sum less than the balance due it, the insurance company brought its action alleging it was subrogated to the mortgagee's right *pro rata* and entitled to foreclosure, or in the alternative to be decreed *pro rata* owner in the property. The mortgagee defended on the ground the insurance company was not entitled to enforce the subrogation clause to its detriment nor until it had collected its entire debt. On appeal both

of the mortgagee's contentions were sustained, though it seems the decision is based primarily on the proposition that the insurance company is not entitled to subrogation if any part of the debt remains unpaid unless it tender to the mortgagee the balance due.

It may be conceded that the first part of the mortgage clause paragraph under consideration provides in effect that to the extent of its payment the insurance company shall be subrogated to the right of recovery of the mortgagee, and that, without more, the subrogation would be to prorate the right of recovery on an equal basis between them, neither's right to be superior to the other's, but there is further language used. What force is to be given to the words "but without impairing the mortgagee's (or trustee's) right to sue"? Appellant says that it permits the mortgagee to hold the securities in its name, and as trustee for the subrogee to collect, by suit if necessary, and to account, and that the cause of action may not be split up. It may be said, however, that if the provision as to subrogation makes the mortgagee trustee for the subrogee to a *pro rata* extent, then under the code (R. S. 60-403) the trustee could bring the action and the words would be superfluous.

One of the definitions of "sue" is "to commence or to continue legal proceedings for the recovery of a right." (Bouvier's Law Dict., 3d ed.) Another is "to proceed with, as an action, and follow it up to its proper termination; to gain by legal process." (Webster's Int. Dict., 2d ed.) It would appear that the phrase, in its relation to the context, is somewhat ambiguous, and that what it might well be held to mean is: "but without impairing the mortgagee's right to recover." And can it be said that it should be interpreted otherwise? The purpose of the issuance of the policy was not to give the insurance company a right to recoup itself for any loss it might be compelled to pay. It was the purpose of that corporation to collect from policyholders enough premiums in the aggregate to pay the losses sustained by a few, and viewed from one angle it was only a fortuitous circumstance that the insured, by taking out additional insurance, relieved the company of an absolute liability where it would have had no right of subrogation whatever. If it was the company's contention that if the policy was void as to the insured, but good as to the mortgagee, it should have rights of subrogation to the extent of its payment to the mortgagee, equal and coördinate with the rights of the mortgagee, it could have so provided by language appropriate to that end and free from doubt

as to its purpose. We are of opinion that the quoted paragraph of the mortgage clause did not confer on the insurance company a *pro rata* right of subrogation to the lien of the mortgage of equal quality with the lien of the mortgagee, but did confer a *pro rata* right of subrogation subject to the lien of the mortgagee and its right to collect in full the balance of the mortgage debt due it.

The judgment of the trial court is reversed and the cause remanded with instructions to render judgment in favor of the appellee life insurance company and against the appellant fire insurance company for the sum of $1,300 with interest at six percent per annum from December 1, 1932, and that appellant, upon payment of the sum of $1,300 be subrogated to the lien of the mortgage to the extent that such amount bears to the amount due on the mortgage on December 1, 1932, but subject to the lien of the mortgagee and its right to collect in full the balance due it.