No. 35,433

Oscar Peterson, *Appellant*, v. The Farmers Mutual Insurance Company, of Marysville, *Appellee.*

(124 P. 2d 504)

Opinion filed April 11, 1942.

*Jacob A. Dickinson,* of Topeka, argued the cause, and *Edward Rooney,* of Topeka, was on the briefs for the appellant. .

*Walter T. Griffin,* of Marysville, argued the cause for the appellee.

The opinion of the court was delivered by

Dawson, C. J.: This was an action based upon an alleged oral contract to renew a policy of fire insurance. The pertinent facts were developed by the pleadings. Defendant is a mutual fire, hail and tornado insurance company organized and governed by article 10 of the insurance code (G. S. 1935, 40-1001 *et seq.*, as amended by G. S. 1941 Supp. 40-1027).

In his original petition, which was filed on August 21, 1940, plaintiff alleged that he was the owner of a quarter section farm in

Shawnee county on which was a barn and other buildings which had been insured by defendant under a policy which expired on April 23, 1940. A copy of that policy was attached to plaintiff's petition.

Plaintiff alleged that on April 10, 1940, about two weeks prior to the expiration of the policy, one Paul M. Lyttle, defendant's agent, solicited plaintiff to renew the insurance for an additional year from the date of its expiration; and agreeably thereto plaintiff signed an application for such insurance and delivered it to Lyttle—

"And entered into an agreement with said agent of the defendant that said policy of insurance should be renewed or reissued upon its expiration for the further period of one year in consideration of the amount of the premium for such insurance which plaintiff agreed to pay and said agent of the defendant agreed to accept at wheat harvest time of the year 1940."

It was further alleged that on May 14, 1940, plaintiff paid said Lyttle the sum of five dollars to apply on the insurance premium, but no renewal policy was issued by defendant, and plaintiff's barn was burned on May 16, 1940.

Plaintiff alleged that notice and proof of loss were furnished in accordance with the terms of the policy which had expired and which defendant through its agent had agreed to renew. Judgment for $1,100 for the loss of the barn was prayed for.

The policy attached to the petition under which the barn had been insured for the previous year, designated exhibit A, and which was attached to the petition to show the kind of policy contract plaintiff allegedly had bargained for, covers seven pages of the abstract, some terms of which may require attention as we proceed.

In compliance with a motion of defendant to make his petition definite and certain, plaintiff amended it by alleging that his written application for renewal insurance had been delivered to Lyttle and that plaintiff had no copy of it, and that the agreement between plaintiff and Lyttle about the renewal of the insurance had been oral, and that their further agreement that payment of the premium would be made and accepted at harvest time was oral also. Plaintiff further amended his petition by alleging that the terms of his written application for renewal insurance were as shown in the exhibit A attached to plaintiff's petition.

These amendments having been made to plaintiff's petition, defendant interposed a general demurrer which the court sustained on April 19, 1941. With leave of court plaintiff filed a third amend-

ment to his petition in which he alleged that at the time defendant executed the policy as shown in exhibit A and at the time the oral contract for renewal of the insurance was made between plaintiff and defendant's agent Lyttle, defendant was authorized to enlarge its corporate functions as prescribed in section 1 of chapter 253 of the Laws of 1937, G. S. 1941 Supp. 40-1027; that the policy, exhibit A, was a standard farm insurance policy such as used by stock fire insurance companies authorized to do business in Kansas; that the policy exhibit A had been executed prior to the payment of the premium in full, that the unpaid balance had been carried upon open account by Lyttle as agent for defendant, and that plaintiff had paid the balance of the premium on exhibit A (the expired policy) after it had been issued, and that—

"The defendant is estopped to deny the authority of said agent to accept payments for the renewal of said policy upon the same or a similar basis."

Plaintiff also alleged that in reliance on the agreements of Lyttle, as defendant's agent, plaintiff had failed to procure other insurance on the property concerned for the period covered by the oral contract of renewal, to wit, April 23, 1940, to April 23, 1941.

Plaintiff also alleged that the statute of 1937, G. S. 1941 Supp. 40-1027, as construed by commissioner of insurance, enabled mutual insurance companies to extend their corporate business to the same scope as stock insurance companies, and that the form of standard farm policy issued by defendant had been approved by that officer. Plaintiff also alleged—

"That since the compliance of the defendant with the provisions of section 40-1027 [of G. S. Supp. 1941] and its authorization to do business thereunder, the defendant is in fact an insurance company operating for profit and is no longer doing business as a mutual fire and tornado insurance company within the contemplation of the laws of this state exclusive of said section 40-1027."

Defendant filed a motion to strike some recitals from the third amended petition as inconsistent with certain of its allegations of fact, also because of their redundancy as conclusions of law. The trial court sustained that motion, and thereafter defendant filed a demurrer to the third amended petition on the ground that it did not state a cause of action. The trial court sustained that demurrer and plaintiff appeals. The correctness of that ruling is the sole question open to our review.

Appellant first propounds the legal question whether the favored position of a mutual insurance company conferred by statute and

repeatedly sustained by this court still exists when such mutual company has accumulated a bona fide net surplus of $100,000 and is thereby authorized to enlarge and expand its corporate business as authorized by the statute of 1937 (G. S. 1941 Supp. 40-1027).

We think this question must be answered in the affirmative. The purpose of the statute of 1937 was to enlarge the corporate powers of such mutual insurance companies as had conducted their corporate affairs so successfully that they had accumulated a surplus of $100,000. The statute nowhere intimates that the other corporate powers and privileges theretofore conferred by statute on mutual companies were to be curtailed in the slightest degree. In *Reser v. Southern Kansas Mutual Ins. Co.*, 150 Kan. 58, 63, 91 P. 2d 25, it was said:

"Mutual fire insurance companies which were originally founded as a matter of legislative policy to enable farmers to obtain insurance at low cost have always been regarded as favorites in Kansas law. After flourishing for a generation, whether they are now fundamentally different from other fire insurance companies may fairly be questioned; but if not, the legislature alone can change the state's policy toward them. Their favored status has been written too deeply and too frequently to change that policy by judicial decree. (*Lohr v. Farmers Alliance Ins. Co.*, 144 Kan. 776, 778, 62 P. 2d 837.)"

Plaintiff next projects the question whether a parol contract of a mutual insurance company to renew its insurance obligation as evidenced by the terms of the prior policy it had issued to plaintiff for the preceding year is binding although the renewal policy was not issued nor the premium paid, but where the agent of the company agreed that the payment of the premium could be deferred until harvest time.

In *Kennedy v. Farmers Alliance Ins. Co.*, 127 Kan. 768, 275 Pac. 214, which was an action to recover on a fire insurance contract issued by a mutual fire insurance company, this court said:

"These companies are organized by property owners who desire mutually to insure the property of their members. Before a person can have his property insured by such a company he must become a member of it and join with other members in their mutual obligations. In a sense he is both the insurer and the insured. . . . No policy of insurance is issued except on written application." (p. 770.)

In *Lohr v. Farmers Alliance Ins. Co.*, 144 Kan. 776, 62 P. 2d 837, where a recovery for a fire loss was sought against a mutual insurance company, predicated on an alleged oral agreement between plaintiff and defendant's agent who waived a provision of the bylaws

restricting the insured's right to procure additional insurance from another company, this court said:

"The first fact to be noted is that plaintiff's contract was not with a commercial insurance company, but with a mutual company. For a thorough treatment of the fundamental distinctions between such policies and the principles underlying the distinctions, see *Akers v. Farmers Alliance Ins. Co.,* 118 Kan. 241, 234 Pac. 956; *Kennedy v. Farmers Alliance Ins. Co.,* 127 Kan. 768, 275 Pac. 214; *Jackson v. Republic Mutual Fire Ins. Co.,* 138 Kan. 571, 27 P. 2d 296. Mutual companies have statutory authority to make valid bylaws. (G. S. 1933 Supp. 40-1012). When so made they are an integral part of the contract and hence as binding as the policy itself. (R. S. 1933 Supp. 40-1017; *Kennedy v. Farmers Alliance Ins. Co.,* supra; *Jackson v. Republic Mutual Fire Ins. Co.,* supra; and *Haney v. Farmers Alliance Ins. Co.,* 134 Kan. 5, 4 P. 2d 460.)" (p. 778.)

The cases just cited are sufficiently analogous to emphasize the point that a binding contract of insurance with a mutual company must be in writing, and where the premium therefor is not paid in cash a copy of the note given for the premium must be attached to the policy, together with a printed copy of such portion of the company's bylaws as applies to the particular risk; "and the policy as thus issued shall be and constitute the entire contract between the company and the insured." (G. S. 1935, 40-1017.) In exhibit A there were pertinent excerpts from the bylaws which made it clear that it was issued and accepted on condition that no one had power to waive any provision of the policy, unless the waiver was in writing and attached thereto, nor should any privilege or permission affecting the insurance exist or be claimed "unless granted herein or by rider added hereto." Clearly then, it must be held that the parol agreement between plaintiff and defendant's agent touching the issuance of a renewal policy, and that the payment of the premium therefor might be deferred until harvest time, was void and created no liability against the defendant.

It is next suggested that when the expired contract of insurance, exhibit A, had been executed defendant neither exacted a cash premium nor a promissory note for it to be attached to the policy as the statute requires, and therefore defendant was estopped to deny liability in the instant case for want of the statutory requirements. It is indeed a robust position for a litigant to take—that because a statute has once been ignored in the making of a contract, a party thereto is estopped from relying on the statute in respect to further contracts of the same character. We cannot approve that suggestion.

It is finally suggested that the commissioner of insurance has construed the amendment of 1937, G. S. 1941 Supp. 40-1027, to mean that obligations of mutual insurance companies impose "obligations identical to those of stock companies." We shall not do the commissioner of insurance the injustice of assuming that he is bound by the allegation to this effect in plaintiff's third amended petition merely because for the purpose of this action defendant's demurrer admitted it. While the construction of a statute by an administrative officer charged with the duty of administering it is entitled to respect, yet when the matter passes out of his hands and a judicial interpretation of the scope and effect of the statute is invoked the courts must face their own responsibilities. (See *Capitol B. & L. Ass'n v. Commissioner of Labor and Industry,* 148 Kan. 446, 448 *et seq.,* 83 P. 2d 106.)

No error in the record is made to appear and the judgment is therefore affirmed.

HOCH, J., not participating.