No. 38,985

Earnest Lallak, *Appellant,* v. The Farmers' Mutual Insurance Company of Marysville, Kansas; Helen E. Hobbs and Ethel Marie Kling, *Appellees.*

(257 P. 2d 933)

Opinion filed June 6, 1953.

*N. J. Ward,* of Belleville, argued the cause, and *P. H. Collins, Jr.,* of Belleville, was with him on the briefs for the appellant.

*Walter T. Griffin,* of Marysville, argued the cause, and *Joe S. Brown,* of Washington, was with him on the briefs for appellee The Farmers' Mutual Insurance Company.

*H. N. Hyland,* of Washington, argued the cause, and was on the briefs for appellees Ethel Marie Kling and Helen E. Hobbs.

The opinion of the court was delivered by

WERTZ, J.: This was an action against defendant, a mutual fire insurance company organized under G. S. 1949, 40-1001 *et seq.,* to recover for a fire loss. The policy covered a dwelling.

Appellant Lallak will be hereinafter referred to as plaintiff, and appellee The Farmers' Mutual Insurance Company of Marysville, as defendant.

Plaintiff appeals from the trial court's action in sustaining defendant's motion for judgment on plaintiff's second amended petition, for the reason that it failed to state facts sufficient to constitute a cause of action against defendant. The motion for judgment, while improperly designated as such, will be considered as tantamount to a demurrer and so treated.

The determinative issue involved in this action is—under the allegations of the plaintiff's second amended petition to be narrated, did the fact plaintiff had additional insurance with another company, and later renewed such additional insurance, avoid his policy with the defendant?

The petition alleged that defendant was a mutual fire insurance company operating under the laws of Kansas, and authorized to issue fire insurance policies upon farm dwellings; that J. W. Hatter was the authorized agent of the defendant for the purpose of securing insurance on properties in the county, to inspect the properties insured, and to act for the defendant in all matters pertaining thereto. Plaintiff contacted Hatter for the purpose of securing insurance upon his dwelling, and orally requested Hatter to secure a $5,000 policy against fire, lightning and tornado upon such dwelling, and orally gave Hatter all the information requested of him in order to secure such insurance.

Following plaintiff's oral application, agent Hatter prepared a written one, signing plaintiff's name thereto, which application did not disclose other insurance. The policy was prepared by defendant in accordance with the application, and returned to plaintiff, which disclosed on its face that there was no other insurance. At the time the application was made and the policy received, plaintiff was carrying with another insurance company a fire policy upon the same dwelling in the amount of $2,000, of which Hatter had notice. A short time before this policy expired, plaintiff inquired of Hatter if he could secure such additional insurance with

defendant, or if he should renew with the other company. Hatter replied that he could renew such insurance or secure additional insurance from the defendant. The plaintiff advised Hatter that he would renew the policy with the other company. Subsequently, the dwelling was completely destroyed by fire. Proof of loss was made by the plaintiff as required by the policy, and in response thereto the defendant advised plaintiff in writing that it denied liability because of want of knowledge of the insurance with the other company. Plaintiff alleged that Hatter's knowledge of the additional insurance was binding upon the defendant. A copy of the policy issued by the defendant was attached to the plaintiff's petition, but does not appear in the record in this case. We glean from reading the abstract, counter-abstract, brief of appellant and brief of appellee certain excerpts contained in the policy, which read as follows:

"In Consideration of the Provisions and Stipulations herein or added hereto. . . ."

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"This policy is made and accepted subject to the foregoing provisions and stipulations and those hereinafter stated, which are hereby made a part of this policy, together with such other provisions, stipulations and agreements as may be added hereto, as provided in this policy."

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"No permission affecting this insurance shall exist, or waiver of any provision be valid, unless granted herein or *expressed in writing* added hereto."

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"Other insurance prohibited, unless *written consent* by the Company is endorsed hereon."

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"The Insured is hereby notified that by virtue of this Policy *he is entitled to vote* either in person or by proxy at any and all meetings of said Company. The annual meeting shall be held on the fourth Wednesday in January of each year in Marysville, Kansas." (Emphasis supplied.)

The application prepared by Hatter for plaintiff contained the following provisions:

"4. Is there OTHER insurance on property insured herein? no"

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"9.    .    .    .    I agree that the foregoing is my own statement and that the questions are answered by me or by my authority and shall be taken as my act. . . . It is hereby stipulated and expressly understood and agreed that the Company will not be bound by any act or statement made to or by the agent restricting its rights or waiving its written or printed contract. . . ."

"Ernest Lallak"

G. S. 1949, ch. 40, art. 10, is applicable to mutual fire insurance

companies, such as the defendant herein. 40-1001 provides for its organization; 40-1002 sets forth the kind of property that may be insured; 40-1003 provides no policy shall be issued except on written application (*Kennedy v. Farmers Alliance Ins. Co.*, 127 Kan. 768, 770, 275 Pac. 214); 40-1004, 40-1005 and 40-1006, the members elect their officers; 40-1008, every person who effects insurance in any company organized under the provisions of this article shall thereby become a member of the company during the period of insurance, and shall be bound to pay losses and such necessary expenses accruing in and to the company in proportion to the original amount of his cash deposit as made for one annual rate; 40-1012, bylaws are authorized; 40-1017 provides that the company may issue policies of insurance signed by the president and secretary agreeing in the name of the company to pay all loss or damage not exceeding the amount insured, and every policy issued shall have attached thereto a copy of the application, if one is required to be inserted therein by the bylaws of the company, and a printed copy of such portion of the bylaws and rules and regulations of the company as applies to the risk insured thereunder, and the *policy thus issued shall be and constitute the entire contract between the company and the insured.*

Plaintiff concedes that the policy in the instant case was issued by defendant, a mutual company governed by the provisions of the mentioned statutes, but contends that under section 40-1017 mutual companies are given power to extend their corporate business to the same scope as stock insurance companies; that the form of standard policy effected by defendant had been approved by the state commissioner of insurance, and defendant thereby lost its favored position of a mutual company conferred by statute, and is bound by the law governing stock insurance companies. Plaintiff's contention is without merit. This same question was presented to this court in *Peterson v. Farmers Mutual Ins. Co.*, 155 Kan. 244, 247, 124 P. 2d 504, where we said the statute nowhere intimates that the other corporate powers and privileges theretofore conferred by statute on mutual companies were to be curtailed in the slightest degree.

Plaintiff next contends that Hatter was defendant's agent and that notice to him of other insurance was notice to the defendant. This contention might have some merit if defendant were a commercial insurance company. Plaintiff's contract of insurance was not with a commercial insurance company, but with a mutual company where a different rule is applicable under G. S. 1949, 40-1001 *et seq.*, such

as we have in the instant case. An analysis of the fundamental distinctions between commercial and mutual insurance companies may be found in *Kennedy v. Farmers Alliance Ins. Co.*, supra; *Jackson v. Republic Mutual Fire Ins. Co.*, 138 Kan. 571, 27 P. 2d 296; *Lohr v. Farmers Alliance Ins. Co.*, 144 Kan. 776, 62 P. 2d 837; *Osborn v. Wheat Growers Mutual Hail Ins. Co.*, 172 Kan. 706, 242 P. 2d 1084.

It may be stated that a mutual insurance company is a favorite of the statutory law. They are organized by property owners who desire mutually to insure the property of their members. Before a person can have his property insured by such a company he must make written application for insurance and join with other members in their mutual obligations. (40-1008.) In a sense he is both an insuror and the insured. The premiums paid by members constitute the fund from which losses and expenses are paid. The members share in the profits in proportion to their interest and control and regulate the affairs of the company. The mutuality of obligation, of insurance, and of all the advantages, is the main and essential feature of such a company. (*Kennedy v. Farmers Alliance Ins. Co.*, supra.)

When plaintiff orally arranged with agent Hatter to present his request for insurance to defendant for the purpose of securing a policy, he therefore conferred upon Hatter the authority to sign his name on the required written application for such insurance, and in doing so Hatter became the agent of plaintiff, and not defendant, to make the written application, as provided in its paragraph 9, attached to the petition. (*Smith v. Miami Farmers Mutual Fire Ins. Co.*, 125 Kan. 10, 13, 262 Pac. 552.) When defendant issued the policy, it acted upon the statement in the written application that there was no other insurance on the property. If we were to hold that plaintiff did not sign a written application or authorize Hatter to sign one for him, then no policy could have been issued to plaintiff in any event.

Plaintiff argues that agent Hatter had authority to waive the provision prohibiting other insurance. Our authorities are to the contrary. A provision in a policy issued by a mutual fire insurance company that "no permission affecting this insurance shall exist or waiver of any provision be valid unless granted herein or expressed in writing added hereto" and the provision that "other insurance prohibited, unless written consent by the company is endorsed hereon" is binding and where additional insurance is pro-

cured without such written consent of the company, the policy is void as to the insured. ( *Lervold v. Republic Mutual Fire Ins. Co.,* 142 Kan. 43, 45 P. 2d 839; *Kennedy v. Farmers Alliance Ins. Co.,* supra.) The fact plaintiff told Hatter of the additional insurance would not strike down the provisions of the policy prohibiting such insurance unless written consent of the company was endorsed thereon. The policy contained nothing authorizing Hatter as a soliciting agent to waive or abrogate any of its provisions. Neither was he authorized to do so by reason of being the agent. It is an elementary rule that a director of a corporation has no authority to obligate it by the mere fact that he is a director. The corporate authority is exercised by the board itself, not by individuals comprising its personnel. ( *Jackson v. Republic Mutual Fire Ins. Co.,* supra; *Lohr v. Farmers Alliance Ins. Co.,* supra; *Reser v. Southern Kansas Mutual Ins. Co.,* 150 Kan. 58, 91 P. 2d 25.)

In the instant case there were certain excerpts from the policy which made it clear that it was issued and accepted on condition that no one had power to waive any provision of the policy unless the waiver was in writing and attached thereto. Nor should any privilege or permission affecting the insurance exist or be claimed unless expressed in writing and added thereto. Clearly, then it must be held that any oral agreement between plaintiff and agent Hatter touching the waiver of additional insurance was void and created no liability against the defendant. Moreover, the plaintiff had in his possession for nearly three years without making any protest, the policy containing the mentioned provisions. He was bound to know the provisions thereof and, in fact did know, for the additional insurance was to expire prior to the defendant's policy, and plaintiff contacted Hatter, advised him of such expiration, and asked permission to renew it. Hatter told him he might do so, and he cannot now be heard to say that he had no knowledge of the fact that additional insurance could only be carried with the written consent of the defendant.

Plaintiff amended the prayer of his second amended petition to ask for reformation of the application to show that the defendant had, at the time the policy was issued and thereafter, sufficient knowledge of such other insurance as to constitute consent thereto. Plaintiff's pleading contains no allegation to the effect that there was any accident, mistake or fraud on the part of the company, and no contract with the defendant for additional insurance having been

made, there can be no occasion for reformation. (*Lohr v. Farmers Alliance Ins. Co.*, supra.) To allow recovery on plaintiff's cause of action would amount to an extension of the limits of liability under the policy, and a change by court action in the contract entered into between the parties, and would allow plaintiff as a member of a mutual fire insurance company to secure special privileges and advantages over his co-members, in direct violation of the terms of the contract and statutes as construed by the decisions of this court. We are of the opinion that the action of the trial court in upholding defendant's challenge to the plaintiff's pleading, and entering judgment thereon in favor of defendant, was proper.

We have examined other contentions presented by plaintiff and find them to be without merit. In view of what has been said, the judgment of the trial court is affirmed.