409 F.2d 1333
 GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Corporation, Appellant,
v.
Michael T. WINETEER; Floyd H. Funston and Clara M. Funston,
his wife; Luther G. Lady and Mildred L. Lady, his
wife, Appellees.
 No. 10135.
 United States Court of Appeals Tenth Circuit.
 Dec. 20, 1968, Rehearing Denied June 20, 1969.
 
 Lawrence J. Nelson and James E. Benfer, Topeka, Kan. (Harold E. Doherty, Topeka, Kan., with them on the brief), for appellant.
 Howard Harper, Junction City, Kan. (John P. Dieter, Abilene, Kan., Lee Hornbaker, Richard F. Waters, Bob Abbott, Junction City, Kan., with him on the brief), for appellees.
 Before LEWIS, SETH and HICKEY, Circuit Judges.
 HICKEY, Circuit Judge.
 
 
 1
 This is a declaratory judgment action brought by plaintiff-appellant, Government Employees Ins. Co., against defendant-appellees. The appellees are the Funstons, the Ladys, and Michael T. Wineteer, the son of the deceased insured. The Funstons and the Ladys were injured in a motor vehicle accident, in which insured's son and the vehicle in question were involved. The accident occurred approximately four months after the insured's death. The question presented is whether the deceased insured's vehicle was covered at the time of the accident.
 
 
 2
 Deceased had been insured by Government Employees for three years prior to the time the insurance company mailed him a renewal notice for the period from November 16, 1965 to November 16, 1966. Decedent signed and mailed the renewal notice on October 11, 1965. He died intestate on October 26, 1965. Insured's son and sole heir, Michael Wineteer, paid the premium but did not notify the insurance company of the death of the insured.
 
 
 3
 On February 17, 1966, Michael Wineteer was involved in an accident in which the other appellees were injured. The Funstons and the Ladys sued Michael Wineteer in Kansas State Court. Michael Wineteer notified the insurance company of the accident and relied upon the insurance company to investigate and defend the claim. The insurance company filed this action for declaratory relief in Federal District Court declaring their investigation disclosed their insured had died several months before the accident, they had not been notified, and therefore disclaimed coverage. The injured appellees dismissed their state action, joined as defendants in the federal trial court and sought to have all issues resolved in this case.
 
 
 4
 The insurance company and the injured appellees moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The trial court granted appellees' motion.
 
 
 5
 All parties agree, '(a) liability insurance policy is a personal contract. Except to the extent it is otherwise provided in the policy itself or by statute, it terminates upon the death of the named insured, and any permission which the named insured may have given another to use the vehicle is revoked.'[1] The parties also agreed that there is no Kansas statute extending liability after the death of the insured.
 
 
 6
 The issue then is narrowed to the interpretation of the following policy provision:
 
 
 7
 '15. Assignments: Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon; if, however, the insured named in the declarations, or his spouse if a resident of the same household, shall die, this policy shall cover (1) the survivor as named insured, (2) his legal representative as named insured but only while acting within the scope of his duties as such, (3) any person having proper temporary custody of an owned automobile, as an insured, until the appointment and qualification of such legal representative, and (4) under division 1 of Part II any person who was a relative at the time of such death.'
 
 
 8
 The foregoing provision is a standard policy provision. Since 1955 the standard policies have not contained sixty day notice provisions requiring the notice of death of the insured to be given the insuror. The provision interpreted in Wilkins v. Inland Mut. Ins. Co.,[2] and relied upon by appellant, contained the notice of death provision. That case is, therefore, inapplicable here.
 
 
 9
 The trial court found that coverage was extended after the father's death because of the policy provisions extending coverage to the 'legal representative' and the person in 'proper temporary custody.' The trial court held that the son was included in these classes and was, therefore, covered by the policy.
 
 
 10
 This court has said, 'the term 'legal representative' is 'sufficiently broad to include any person who stands in the place and stead of one deceased in respect to property, whether transferred to him by operation of law, or otherwise."[3] The State of Kansas has acknowledged a common meaning of the words, 'legal representative' as 'persons who stand in place of, and who represent the interest of another.'[4]
 
 
 11
 In view of the language in Ingerton and Haney, we think the trial court correctly determined that Michael Wineteer was a 'legal representative' within the meaning of provision 15 of the policy.
 
 
 12
 In Atlantic Ins. Co. v. Fulfs,[5] a Texas court held that an aunt, to whom the decedent had bequeathed a car, was a person having 'proper temporary custody' pending probate of the estate. Atlantic was more tenuous than the instant case because in Atlantic there was an executor who might have taken 'proper temporary custody.' In the present fact situation there does not seem to be any other logical person who might have taken control of the car in question, but that control was 'temporary' as a legal necessity under applicable Kansas Statutes discussed in the next paragraph. We conclude, therefore, that the trial court's determination that Michael Wineteer was in 'proper temporary custody' was correct.
 
 
 13
 Michael Wineteer was the sole heir to his father's estate.[6] His rights in the estate were, however, subject to the rights of creditors,[7] or the discovery of a will.[8] Because of the contingent rights of other heirs or creditors, Michael Wineteer could not take immediate clear title to his father's car.[9]
 
 
 14
 Under the facts of this, case, the applicable Kansas statutes, and the cited cases, we hold the trial court's findings were correct.
 
 
 15
 Affirmed.
 
 
 
 [1]
 Wilkins v. Inland Mut. Ins. Co., 253 F.2d 489, 490 (4th Cir. 1958)
 
 
 [2]
 Id
 
 
 [3]
 Ingerton v. First Nat'l Bank & Trust Co., 291 F.2d 662, 664 (10th Cir. 1961), citing, Security Ins. Co. of New Haven v. White, 236 F.2d 215 (10th Cir. 1956)
 
 
 [4]
 Haney v. Farmers' Alliance Ins. Co., 134 Kan. 5, 7, 4 P.2d 460, 461 (1931)
 
 
 [5]
 417 S.W.2d 302 (Tex.Civ.App.1967)
 
 
 [6]
 K.S.A. 59-502, 59-506
 
 
 [7]
 K.S.A. 59-1405
 
 
 [8]
 K.S.A. 59-617
 
 
 [9]
 K.S.A. 59-617, 59-2239